*Law Library*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
) **CRIMINAL CASE NO. CM0157-12**
vs. )
) **DECISION AND ORDER**
HEE CHOON PARK, )
)
Defendant. )
)

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss and suppress, filed October 10, 2012. Oral arguments were heard on March 19 and April 5, 2013. Assistant Attorney General Matthew S. Heibel appeared on behalf of the Government and Attorney Shane F.T. Black represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with driving under the influence of alcohol and reckless driving based upon the following alleged events. On January 7, 2012 at 11:57 p.m., Guam Police Officer J.J. Mendiola approached Defendant at the scene of his traffic accident with a concrete median barrier. (Testimony of J.J. Mendiola, Record Log at 2:30, Mar. 19, 2013.) Defendant fell down as he got out of his vehicle and Officer Mendiola observed that he had bloodshot, watery eyes and smelled of alcohol. *Id.* Defendant complied with Officer Mendiola's instruction to wait at a gas station across the street while he moved Defendant's vehicle out of the roadway. *Id.*

In the parking lot of the gas station, Defendant told Officer Mendiola that he does not speak English and that his son is coming to translate. (Testimony of Hee Choon Park, Record Log at 3:15, Mar. 19, 2013.) Officer Mendiola asked Defendant if he had anything to drink, and Defendant affirmed that he had three beers. (Testimony of J.J. Mendiola, Record Log at 2:30.) Officer Mendiola asked Defendant if he was willing to participate in standardized field sobriety



tests, and Defendant declined. *Id.* Officer Mendiola asked Defendant to produce his driver's license, vehicle registration and proof of insurance, and Defendant pulled out his wallet and retrieved a folder of documents from inside his vehicle. *Id.* Officer Mendiola asked Defendant to take the relevant documents out from the folder, and Defendant told the Officer in a profane manner to take the documents out himself. *Id.* Officer Mendiola then informed Defendant that he was under arrest for driving under the influence of alcohol and placed him in handcuffs and put him in the back seat of his patrol vehicle. *Id.*

At the police station, Officer Mendiola read an Implied Consent Form and a Custodial Interrogation Form to Defendant in order to advise him of his rights under 16 GCA §§ 18201-18206 and *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id.* Officer Mendiola asked Defendant if he understood his rights, and Defendant replied "no". *Id.* Officer Mendiola asked Defendant to sign the forms, and Defendant refused in a profane manner. *Id.*

At 12:50 a.m., Officer Mendiola contacted some hotels or tour companies to find a volunteer translator for Defendant. *Id.* He found no translators and confiscated Defendant's driver's license at 12:52 a.m. *Id.* Defendant did not participate in alcohol testing or make further statements to the police. *Id.*

On October 10, 2012, Defendant moved to dismiss and to suppress evidence on the basis that his arrest and custodial interrogation were not conducted in a language that he understands. Defendant argues that the charges must be dismissed because he did not have the opportunity to provide a possibly negative and exculpatory alcohol test. Defendant moves to suppress his refusal to participate in field sobriety tests and any statements made after his arrest because he did not realize the consequences of refusal or knowingly waive his *Miranda* rights. The Government contends that dismissal is an inappropriate remedy and that Defendant's custodial statements were spontaneous utterances.

## DISCUSSION

### 1. Motion to Dismiss

Under Guam law, if a person appears to operate a motor vehicle under the influence of alcohol, that person "shall have the option of using a blood or urine, or breath test for the



purpose of determining the alcohol or controlled substance content of that person's blood or urine." 16 GCA § 18201(c). This statute "requires the police to give a person the option of using a blood or breath test." *People v. Rasauo*, 2011 Guam 1 ¶ 47. An arresting officer must also warn the person of the consequences of any refusal to submit to testing. 16 GCA § 18201(f), (g).

In *Rasauo*, 2011 Guam 1, the Supreme Court noted that constitutional "[d]ue process does not necessarily require that drivers be meaningfully advised of the implied consent rights in language they can understand." *Id.* at ¶ 44. Furthermore, the statutory right to an implied consent warning is generally "a matter of legislative grace and not a right of constitutional dimension." *Id.* at ¶ 45 (*citing South Dakota v. Neville*, 459 U.S. 553, 565 (1983); *Rodriguez v. State*, 565 S.E.2d 458, 462 n. 24 (Ga. 2002)). The Supreme Court questioned the relevance of comparable, but distinguishable, implied consent statutes and declined to address whether due process requires translation under Guam's statutes. *Id.* at ¶¶ 47-48.

In this case, Defendant argues that due process mandates dismissal because Officer Mendiola did not preserve exculpatory evidence when he did not translate the Implied Consent Form that Defendant refused to sign. The Court does not agree. Guam's statutory right to an implied consent warning is not a right of constitutional dimension. Defendant relies upon state authorities with distinctive implied consent statutes that are of questionable relevance here.[1] Defendant provides no authority that 16 GCA §§ 18201-18206 imposes a duty upon arresting officers to preserve exculpatory evidence for driving offenses with a translation of implied consent warnings. *Cf. People v. Pak*, 1998 Guam 27 ¶ 13 ("nowhere in … [16 GCA §§ 18201-18206] is the dismissal of criminal proceedings authorized."). The Court is devoid of authority to dismiss and Defendant "has failed to point to authority…to show that Guam's failure to adopt

---

[1] Defendant cites authorities that, unlike Guam law, provide for independent testing or require delivery of a standard and uniform warning statement. (Motion to Dismiss and Suppress, 4, Oct. 10, 2012; Defendant's Reply, 1, 4, Nov. 13, 2012 (*citing Brown v. Municipal Court*, 150 Cal.Rptr. 216 (Cal. Ct. App. 2d Dist. 1978) (suppression is appropriate remedy for frustration of right to independent testing under former Cal. Veh. Code § 13354(b)); *State v. Minkoff*, 42 P.3d 223 (Mont. 2002) (dismissal is appropriate remedy for frustration of right to independent testing

ORIGINAL

procedures that ensure a non-English speaking defendant understands the implied consent form is a violation of due process." *Rasauo*, 2011 Guam 1 at ¶ 48. For these reasons, the complaint shall not be dismissed for a violation of due process.

**2. Motion to Suppress Field Sobriety Statements**

"The Fifth Amendment privilege against self-incrimination prohibits the prosecution from using statements stemming from custodial interrogation of the defendant, unless it demonstrates the use of procedural safeguards to secure that privilege." *Rasauo*, 2011 Guam 1 at ¶ 24 (*citing Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). However, "[a] defendant who is temporarily detained at a traffic stop … is not generally considered to be 'in custody' for the purposes of *Miranda*," and procedural safeguards are not required to administer field sobriety tests. *Id.* at ¶ 25 (*citing Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)).

Here, Officer Mendiola instructed Defendant to wait across the street from his traffic accident and then asked Defendant if he was drinking and if he was willing to participate in field sobriety tests. Defendant's freedom of action was not curtailed to a degree associated with formal arrest when he refused to participate in field sobriety tests. *See People v. Cundiff*, 2006 Guam 12 ¶¶ 19-22 (arrest is made by physical restraint or severely intrusive detention) (*quoting Dunaway v. New York*, 442 U.S. 200, 216 (1979)). Defendant could not have reasonably believed that the detention was more than temporary in nature. *See Berkemer*, 468 U.S. at 441-442 ("a single police officer asked respondent a modest number of questions and requested him to perform a simple balancing test at a location visible to passing motorists. Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest."). Defendant was not in custody when he refused to participate in field sobriety tests, and Officer Mendiola was not required to furnish *Miranda* warnings in order to administer the tests. *See Rasauo*, 2011 Guam 1 at ¶ 27. For this reason, the motion to suppress field sobriety statements shall not be granted.

---

under Mont. Code § 61-8-405(2)); *State v. Marquez*, 998 A.2d 421 (N.J. 2010) (standard test warning required by N.J.S.A. § 39:4-50.2(e) must be in language defendant understands in order to convict for offense of test refusal).)



### 3. Motion to Suppress Custodial Statements

Under Guam law, the admissibility of custodial statements depends upon the administration of *Miranda* warnings that "reasonably convey to an individual their rights against self-incrimination." *Rasauo*, 2011 Guam 1 at ¶ 19 (*citing Duckworth v. Eagan*, 492 U.S. 195, 203 (1989)). A suspect may waive these rights, but there is a presumption against waiver and the government must prove by a preponderance of the evidence that the waiver is voluntary, knowing, and intelligent. *Id.* at ¶ 16 (*citing Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *U.S. v. Garibay*, 143 U.S. 534, 536 (9th Cir. 1998)). A knowing and intelligent waiver is made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141 (1986).

In this case, Officer Mendiola read *Miranda* warnings to Defendant with a waiver form at the police station. Officer Mendiola asked if Defendant understood and he replied "no" and refused to sign the waiver form. The government presented no evidence that Defendant was aware of his rights and of the consequences of any decision to speak. Absent evidence of a knowing and intelligent waiver, it is presumed that Defendant did not waive his rights and his custodial statements are inadmissible. For this reason, the motion to suppress custodial statements shall be granted.

### CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby DENIED, his motion to suppress field sobriety statements is hereby DENIED, and his motion to suppress custodial statements is hereby GRANTED. Custodial statements made after arrest shall not be admissible at trial against Defendant.

SO ORDERED this ___/8TH___ day of June, 2013.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUN 18 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam

ORIGINAL